UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GLENN SAM BAKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:24-CV-47-CHB |
| ) | |
| v. ) | |
| ) | |
| EVE BLANE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Glenn Baker is an inmate confined at the Bell County Detention Center ("BCDC") in Pineville, Kentucky. Baker has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. The Court has granted his motion to proceed *in forma pauperis* by separate Order. [R. 9]. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill*, 630 F. 3d at 470–71.

In his complaint, Baker alleges that Norma Lay, an employee of the United States Postal Service in Pineville, Kentucky, has stolen more than fifty pieces of his incoming and outgoing mail from BCDC and given it to Leamon Partin. [R. 1, pp. 23]. Baker indicates that some of these letters included checks from the United States Department of the Treasury. *Id.* Baker

further alleges that Partin and Candace Vance forged his signature and cashed the checks at a local bank, often using aliases. *Id.* Baker makes similar allegations against Thresa Sinclair, but he does not name her as a defendant in his complaint. *Id.* Baker names Lay, Partin, and Vance, as well as Post Master Eve Blane, as defendants. *Id.* at 1–2. Baker indicates that the legal basis for any claims against the defendants is unknown to him. *Id.* at 4. Baker does not seek damages, but requests only that the defendants be prosecuted. *Id.* at 8.

The Court has reviewed Baker's allegations but will dismiss the complaint for lack of subject matter jurisdiction. The mishandling of mail and postal materials can violate various federal criminal statutes. *See* 18 U.S.C. §§ 1700–1713. Certain provisions specifically address mishandling by postal employees. *See* 18 U.S.C. §§ 1703, 1709. But only federal prosecutors, not private citizens or a court, can initiate a federal prosecution. *See generally Linda R.S. v. Richard D.*, 410 U.S. 614 (1973). And the asserted violation of these criminal statutes will not support federal question jurisdiction. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005); *Sciolino v. Marine Midland Bank- Western*, 463 F. Supp. 128, 131-32 (W.D.N.Y. 1979). Likewise, the alleged actions of Partin and Vance, whom Baker does not allege are federal employees, amount to violations of Kentucky rather than federal law and will not support subject matter jurisdiction in this Court. Because the allegations of the complaint do not indicate any colorable basis for the exercise of subject matter jurisdiction, the Court will dismiss this action. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015).

Baker is advised that a person who believes that his or her mail has been mishandled, stolen, or used to commit fraud may contact the United States Postal Inspection Service ("USPIS"), which may commence an investigation. *See Winston-Bey v. United States*, No. CV

CCB-15-02020, 2015 WL 8757829, at *2 (D. Md. Dec. 15, 2015).  Contact information may be obtained from USPIS's website at https://www.uspis.gov/.

Accordingly, it is **ORDERED** as follows:

1. Baker's complaint, **[R. 1]**, is **DISMISSED** for lack of subject matter jurisdiction.

2. This matter is **STRICKEN** from the active docket.

This the 15th day of May, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY